**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**JENNIFER Z.,**

**Plaintiff,**

**v.**

**Civil Action 3:25–cv–00375**
**Magistrate Judge Kimberly A. Jolson**

**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant.**

## OPINION AND ORDER

Plaintiff Jennifer Z. brings this action under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI"). For the reasons set forth below, the Court **SUSTAINS** Plaintiff's Statement of Errors (Doc. 11), **REVERSES** the Commissioner of Social Security's nondisability finding, and **REMANDS** this case to the Commissioner and the ALJ under Sentence Four of § 405(g).

## I. BACKGROUND

Plaintiff filed an application for SSI on June 6, 2023, alleging disability beginning February 1, 2017, due to sciatica, degenerative disc disease, ankle problem, knee problem, depression, anxiety disorder, migraines, PTSD, sleep apnea, and hernia. (R. at 250–62, 290). After her application was denied initially and on reconsideration, the Administrative Law Judge ("ALJ") held a telephone hearing on November 12, 2024. (*Id.* at 42–78). Ultimately, the ALJ denied Plaintiff's application in a written decision on November 22, 2024. (*Id.* at 13–41). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (*Id.* at 2–7).

Next, Plaintiff filed suit with this Court. (Doc. 1). As required, the Commissioner filed the administrative record (Doc. 8), and the matter has been fully briefed (Docs. 15, 16).

**A. The Administrative Record**

In his opinion, the ALJ summarized and evaluated Plaintiff's statements to the agency, hearing testimony, medical records, and symptoms. (R. at 25–32). The ALJ also summarized and evaluated certain medical source opinions and prior administrative medical findings. (*Id.* at 32–34). Rather than repeat the summaries, the Court will focus on the evidence pertinent to Plaintiff's assigned errors below.

**B. The ALJ's Decision**

The ALJ found that Plaintiff has not engaged in substantial gainful activity since February 1, 2017, her alleged onset date of disability. (*Id.* at 19). The ALJ next determined that Plaintiff had the severe impairments of lumbar spondylosis; right knee meniscal tear and osteoarthritis; left ankle and foot osteoarthritis; plantar fasciitis; asthma; allergic rhinitis; chronic maxillary sinusitis; lower extremity varicose veins; hiatal and umbilical hernias; unspecified depressive disorder; unspecified anxiety disorder; complex regional pain syndrome ("CRPS") and/or left meralgia paresthetica; and obesity. (*Id.*).

As to Plaintiff's residual functional capacity ("RFC"), the ALJ opined:

> After careful consideration of the entire record [the ALJ] finds that [Plaintiff] has the residual functional capacity to perform a mixed range of the demands of light and sedentary work as defined in 20 CFR 404.1567(a) and (b) and 416.967(a) and (b) except she can lift and/or carry (including upward pulling) 20 pounds occasionally and 10 pounds frequently. She can push and/or pull 20 pounds occasionally and 10 pounds frequently with the upper extremities. She can push and/or pull 10 pounds frequently with the lower extremities. She can stand and/or walk (with normal breaks) for a total of two hours in an eight-hour workday. She can sit (with normal breaks) for a total of six hours in an eight-hour workday. She can occasionally climb ramps and stairs, but she can never climb ladders, ropes, or scaffolds. She can frequently balance. She can occasionally stoop, kneel, crouch, and crawl. She can tolerate occasional concentrated exposure to atmospheric conditions. She can never be exposed to hazards such as proximity to moving

> mechanical parts and working in high, exposed places. She can concentrate to carry out simple and detailed instructions where the pace of work is variable and controlled by end-of-shift numerical performance goals, but not where the pace is fast like assembly line work that is controlled by machinery over which the individual has no non-emergency pause control.

(*Id.* at 24–25).

Upon "careful consideration of the evidence," the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (*Id.* at 26–27). The ALJ then concluded that Plaintiff has no past relevant work (*id.* at 34), and relying on the vocational expert's testimony, he determined that considering her age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as a ticket counter, information clerk, or document preparer. (*Id.* at 34–35). Consequently, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, at any time from February 10, 2020, the alleged onset date, through June 30, 2023, the date last insured. (*Id.* at 36).

## II. STANDARD OF REVIEW

The Court's review "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Winn v. Comm'r of Soc. Sec.*, 615 F. App'x 315, 320 (6th Cir. 2015); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of HHS*, 25 F.3d 284, 286 (6th Cir. 1994)).

"After the Appeals Council reviews the ALJ's decision, the determination of the council becomes the final decision of the Secretary and is subject to review by this Court." *Olive v.*

*Comm'r of Soc. Sec.*, No. 3:06 CV 1597, 2007 WL 5403416, at *2 (N.D. Ohio Sept. 19, 2007) (citing *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990); *Mullen v. Bowen*, 800 F.2d 535, 538 (6th Cir. 1986) (en banc)). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, "even if a reviewing court would decide the matter differently." *Id.* (citing 42 U.S.C. § 405(g); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059–60 (6th Cir. 1983)).

## III. DISCUSSION

Plaintiff argues that the ALJ did not adhere to SSR 03-2p when evaluating her CRPS. (*See generally* Doc. 11). She first contends that the ALJ erred by not considering her CRPS individually at step three (*id.* at 8–9), and then did not follow SSR 03-2p's guidance when considering her subjective CRPS symptoms or the medical evidence (*id.* at 9–10). The Commissioner counters that substantial evidence supports the ALJ's opinion and Plaintiff does not meet her burden at step three. (*See generally* Doc. 15). The Court needs to consider only Plaintiff's challenge to the ALJ's step three analysis.

At the third step in the disability evaluation process, a plaintiff will be found disabled if her impairments meet or medically equal a listing in the Listing of Impairments. 20 C.F.R. § 404.1520(a)(4)(iii); *Turner v. Comm'r of Soc. Sec.*, 381 F. App'x 488, 491 (6th Cir. 2010). The Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1, describes impairments the Social Security Administration considers to be "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 404.1525(a). Each listing specifies "the objective medical and other findings needed to satisfy the criteria of that listing." 20 C.F.R. § 404.1525(c)(3). A plaintiff must satisfy all of the criteria to "meet" the listing. *Id.*; *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 653 (6th Cir. 2009). In addition, the regulations require that the requisite abnormal findings must be established over a period of time: "Because abnormal physical findings may be intermittent, their presence over a

period of time must be established by a record of ongoing management and evaluation." 20 C.F.R. Part 404, Subpart P, Appendix I, § 1.000.

If a plaintiff's impairment does not meet a listed impairment, the plaintiff will still be found disabled at step three if her impairment is the medical equivalent of a listing. 20 C.F.R. § 404. l 520(a)(4)(iii). To be the medical equivalent of a listed impairment, a plaintiff's impairment must be "at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 404.1526(a). Further, an impairment is medically equivalent to a listing if medical findings related to the impairment are at least of equal medical significance to the findings necessary to meet the listing. 20 C.F.R. § 404.1526(b)(l). *Tipton v. Comm'r. of Soc. Sec.*, No. 2:14-cv-1209, 2015 WL 3505513, at *5 (S.D. Ohio June 3, 2015)), *report and recommendation adopted*, 2015 WL 3952347 (S.D. Ohio June 29, 2015). To the extent an individual claims her impairments are equivalent in severity to a listing, she bears the burden of presenting "medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in the original). The ALJ is required to compare the medical evidence with the components of listed impairments in considering whether the condition is equivalent in severity to the medical findings for a listed impairment. *See Lawson v. Comm'r of Soc. Sec.*, 192 F. App'x 521, 529 (6th Cir. 2006). When performing this analysis, the ALJ must "consider all evidence in [the] case record about [the plaintiff's] impairment(s) and its effects on [the plaintiff] that is relevant to this finding." 20 C.F.R. § 404.1526(c).

Put simply, the ALJ is required to "determine whether the claimant's impairment or combination of impairments is of a severity to meet or medically equal the criteria of" a listed impairment. (R. at 18). SSR 03-2p does not change this evaluation; instead, it acknowledges that CRPS is not a listed impairment and reiterates that "specific findings in each case should be

compared to any pertinent listing to determine whether medical equivalence may exist." *Titles II & XVI: Evaluating Cases Involving Reflex Sympathetic Dystrophy Syndrome/complex Reg'l Pain Syndrome*, SSR 03-2P, 2003 WL 22814447, at *6 (S.S.A. Oct. 20, 2003) (hereinafter "SSR 03-2p").

Here, although framed as an error under SSR 03-2p, Plaintiff correctly identifies that the ALJ erred at step three. Because he found Plaintiff's CRPS to be a severe medically determinable impairment, among others, he was required to evaluate whether it alone or in combination medically equaled a listing. *Darabed v. Astrue*, No. 1:10CV2626, 2011 WL 7456148, at *6 (N.D. Ohio Dec. 6, 2011), *report and recommendation adopted sub nom. Darabed v. Comm'r of Soc. Sec. Admin.*, No. 1:10-CV-2626, 2012 WL 715863 (N.D. Ohio Mar. 5, 2012) ("[A]s is required by 20 C.F.R. § 404.1520(a)(4)(iii), at step 3, a determination must also be made as to whether an impairment medically *equals* a Listing."). Instead, he found only that "the evidence in this case fails to show that [Plaintiff]'s obesity and/or CRPS increase the severity of her other medically determinable severe impairments to an extent that the combination of impairments meets the requirements of a listing." (R. at 22–23).

Without more, the ALJ fails to meet his articulation burden. *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 416 (6th Cir. 2011) ("[T]he ALJ erred by failing to analyze Reynolds' physical condition in relation to the Listed Impairments. Put simply, he skipped an entire step of the necessary analysis."). *See also Darabed*, 2011 WL 7456148, at *6 ("[T]his Court does not know what Listing or Listings the ALJ reviewed and/or what evidence the ALJ evaluated to reach his ultimate conclusion that Darabed's impairments did not . . . equal a Listing.").

While this burden is not high, here the Court cannot determine whether the ALJ's step three conclusion is supported by substantial evidence. *See Cynthia W. v. Comm'r of Soc. Sec.*, No. 3:23-

CV-00559, 2025 WL 791637, at *5 (W.D. Ky. Mar. 12, 2025) ("Generally, a statement that the individual's impairment(s) does not medically equal a listed impairment constitutes sufficient articulation for this finding.") (citing SSR 17-2p); *Darabed*, 2011 WL 7456148, at *6 ("[B]ecause the ALJ provided no analysis at step 3, the undersigned cannot effectively evaluate whether or not the ALJ's decision is supported by substantial evidence.") (citation omitted).

At base, the ALJ's failure to articulate whether Plaintiff's CRPS, alone or in combination, medically equals a listing at step three is reversible error. *Darabed*, 2012 WL 715863 at *6, 9 (remanding where ALJ failed to determine whether plaintiff's CRPS medically equaled a listing at step three). For this reason, remand is required.

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED** that Plaintiff's Statement of Errors (Doc. 11) be **SUSTAINED** and the Court **REVERSE** the Commissioner's non-disability finding and **REMAND** this case to the Commissioner and Administrative Law Judge under Sentence Four of § 405(g).

IT IS SO ORDERED.

Date: August 27, 2026

s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE